**Jimmy Lee HICKSON, Appellant,**

v.

**William B. ALLISON, Appellee.**

**No. 10–95–229–CV.**

Court of Appeals of Texas,
Waco.

Aug. 7, 1996.

Jimmy Lee Hickson, Iowa Park, pro se.

Portia Fleck Bosse, Assistant Attorney General, Austin, for appellee.

Before CUMMINGS and VANCE, JJ.

**OPINION**

CUMMINGS, Justice.

On April 10, 1995, Jimmy Lee Hickson, a prison inmate, filed a pro se petition alleging that William B. Allison, an officer employed by the Texas Department of Criminal Justice, wrongfully deprived him of access to the prison's law library, in violation of his rights under the United States Constitution. Hickson complained that he was using the law library one day during the morning session, which ran from 12:45 p.m. to 3:15 p.m., when Allison forced him to depart the library before the session had ended. For this allegedly wrongful act, Hickson requested $20,000 in damages. Allison filed a motion to dismiss on two grounds: (1) Hickson's claim had no basis in either fact or in law and (2) the doctrine of qualified immunity operated to protect Allison from liability. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon

Supp.1996).[1] The trial court granted the motion.

■ "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries[.]" *Bounds v. Smith*, 430 U.S. 817, 827, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). Not only must the prison maintain an adequate law library, prison authorities must provide the inmates with useful access to the library. *Id.; Green v. McKaskle*, 788 F.2d 1116, 1126 (5th Cir.1986). A trial court that dismisses an inmate's petition as frivolous when the inmate is denied useful access to the prison's law library will have abused its discretion in so doing. *Dillon v. Ousley*, 890 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1994, no writ); *Spellmon v. Sweeney*, 819 S.W.2d 206, 212 (Tex.App.—Waco 1991, no writ).

In *Dillon*, the Corpus Christi Court of Appeals held that the trial court abused its discretion in dismissing an inmate's petition in which he complained that he had been deprived of a session in the prison law library which was to have lasted for two hours. *Dillon*, 890 S.W.2d at 502. Dillon, the inmate, had been scheduled to use the library from 8:00 to 10:00 a.m., but he arrived approximately one hour late due to an appointment he had in the prison's infirmary. *Id.* at 500–01. When the inmate attempted to enter the law library after his release from the infirmary, not only was the inmate refused his request for extra time in the library due to the time he lost in the infirmary, but he was also prevented from spending his remaining hour in the library. *Id.* at 501.

In *Spellmon*, this court found that the trial court abused its discretion in finding an inmate's petition to be frivolous where the inmate alleged that he had been denied access to certain law books that he needed in connection with several lawsuits he had pending in the Eastern and Western Federal District Courts of Texas and in the United States Court of Appeals. *Spellmon*, 819 S.W.2d at 211. Neither this court in *Spellmon* nor the Corpus Christi court in *Dillon* held that the inmates' claims in their respective cases bore any merit, but only that it was impossible to determine whether the inmates' claims were frivolous. *Dillon*, 890 S.W.2d at 502; *Spellmon*, 819 S.W.2d at 212.

■ The difference in the facts of the case before us now and the facts in *Dillon* and *Spellmon* is that in *Dillon* and *Spellmon* the inmates were permanently deprived of at least some useful access to legal materials in their respective prisons whereas, in the instant case, Hickson failed to plead that he had been permanently deprived of anything. *See Green*, 788 F.2d at 1126. The inmate in *Dillon* was permanently deprived of one session, which consisted of two hours, in his prison's law library. The inmate in *Spellmon* was completely precluded from having access to certain books he needed to prosecute his pending claims in three different federal courts. Hickson in his petition alleged only that he was forced to leave his session early by Allison. He did not state how much time he allegedly lost or that prison officials refused to allow him to make up the lost time, whatever it may have been, on another date. *See Smith v. Stevens*, 822 S.W.2d 152 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (allowing dismissal of suit as frivolous when plaintiff complains of de minimus damages).

Because Hickson failed to complain of a deprivation of his rights that actually caused him some damages, we cannot conclude that the trial court abused its discretion in dismissing his petition as frivolous. *See Birdo v. DeBose*, 819 S.W.2d 212, 214 (Tex.App.—Waco 1991, no writ).

The judgment is affirmed.

---

1. *Inmate litigation is now governed by chapter 14 of the Civil Practice and Remedies Code. See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–.014 (Vernon Supp.1996). The suit in the instant case, however, was filed on April 10, 1995, before chapter 14's effective date of June 8, 1995. Therefore, we will apply the statutory provisions that were applicable prior to June 8, 1995.