# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00612-CV

**John T. Josey, Appellant**

**v.**

**Bell County Law Enforcement Center; Sheriff Dan Smith; and Administrator R. W. Patterson, Appellees**

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 193050-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

John T. Josey appeals from the dismissal of his petition for access to a law library at the Bell County Law Enforcement Center. The district court dismissed the petition as frivolous and malicious, and because it failed to comply with Chapter 14 of the Civil Practice and Remedies Code. We will affirm the dismissal.

State law provides several bases for district courts to dismiss litigation by an inmate who files an affidavit or declaration of inability to pay the costs of litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a) (West 2002). A district court may dismiss a suit by an inmate who files an affidavit or declaration of inability to pay the costs of litigation if the suit is frivolous or malicious. *See id*.

' 14.003(a)(2). In considering whether a claim is frivolous or malicious, a court must consider whether (1) the claim=s realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear that the party cannot prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate. *Id.* ' 14.003(b). The first three considerations are also available when considering whether an action by an indigent non-inmate is frivolous or malicious. *See id.* ' 13.001(b). The court may also dismiss the suit if the inmate fails to file an affidavit or declaration identifying previous lawsuits brought by the inmate *pro se*. *See id*. ' 14.004 (West 2002).

The record does not contain an affidavit or declaration from Josey regarding his previous lawsuits. When such an affidavit or declaration is incomplete, dismissal is not an abuse of discretion, although dismissal with prejudice is not appropriate. *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.CHouston [14th Dist.] 2000, no pet.). The court did not abuse its discretion by dismissing Josey=s suit for failure to file an affidavit or declaration regarding previous *pro se* litigation, but the failure to file the affidavit alone does not support the dismissal with prejudice.

The nature of Josey=s petition provides a basis for the district court=s determination that the petition was frivolous independent of his failure to file the declaration regarding previous litigation. An inmate claiming that he was deprived of access to a law library must allege how he was deprived of that right. *Hickson v. Allison*, 928 S.W.2d 677, 678 (Tex. App.CWaco 1996, no writ). The appellate court in *Hickson* concluded that dismissal of the inmate=s claim was appropriate because he Afailed to plead that he had been permanently deprived of anything. . . . He did not state how much time he allegedly lost or that

2

prison officials refused to allow him to make up the lost time, whatever it may have been, on another date.@ *Id.*

Josey=s petition in the district court cites several cases detailing the parameters of the right of an incarcerated person to meaningful access to a law library, but the petition lacks any factual allegations showing how his right of access was violated. In documents filed after the dismissal, Josey alleges that he has been incarcerated for too long without a trial, complains about a notice sent by the district clerk erroneously stating that this cause had been dismissed at his request, and lists other grievances against the judicial and correctional systems. None of these allegations bears on deprivation of his right of access to a law library. In a document filed four weeks after the dismissal, he mentions that he has enrolled in correspondence law courses, but does not allege that a college class fits within the requirement, based on the constitutional right of access to the courts, that prisons assist inmates in the preparation and filing of useful legal papers by providing prisoners with meaningful access to adequate law libraries. *See Hickson*, 928 S.W.2d at 678 (citing *Bounds v. Smith*, 430 U.S. 817, 827 (1977)). Nor does Josey allege specific instances at which he was denied access to the library or that the prison officials did not or could not remedy that denial. *See Hickson*, 928 S.W.2d at 678.

On appeal, Josey reiterates his complaints from the district court and adds complaints regarding such issues as the seizure of a vehicle from his family and a conflict of interest in the county attorney prosecuting him for crimes and defending appellants in this action. In his reply brief, he makes some factual allegations regarding his exclusion from the law library. In supplemental briefs, he adds complaints for damages for his mental anguish and other injuries resulting from the various deprivations of his

rights.  We cannot consider these additional complaints and allegations because they were not before the district court.

Josey=s failure to file an affidavit or declaration regarding his previous *pro se* litigation and failure to include a factual allegation in his district court petition regarding how he was denied meaningful access to a law library compels us to conclude that the district court did not err by finding that his petition was frivolous.  We affirm the judgment.

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:  March 13, 2003

**4**