Connie HAVENS, Appellant,

v.

TOMBALL COMMUNITY HOSPITAL, Carol Kelley, Director of Nursing, Individually, and Dr. Michael A. Rodriguez, Individually, Appellees.

No. 01–89–00936–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 24, 1990.

Rehearing Denied Aug. 16, 1990.

Susan McAuliffe, Houston, for appellant.

J. Richard Cheney, Matthew D. Schaffer, Eddie M. Krenek, Houston, for appellees.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a take-nothing summary judgment. The controlling issue on appeal is whether the plaintiff's allegations, if true, establish a cause of action under Texas law.

The plaintiff, Connie Havens, a nurse, sued her former employer, Tomball Community Hospital, the hospital's director of nursing, Carol Kelley, and a staff physician, Dr. Michael A. Rodriguez, alleging wrongful treatment and retaliatory discharge.

The plaintiff was head nurse in the labor and delivery unit at the Tomball Community Hospital from November 1976; until her discharge on October 21, 1983. She alleged that until June 7, 1983, she had worked faithfully and continuously at the hospital, without difficulty, receiving periodic raises and recommendations for her work. She asserted that on June 7, she was involved in an incident at the hospital that resulted in wrongful treatment and subsequent retaliatory discharge.

She alleged that, as part of her duties, she was required to know which physicians were authorized to do certain types of medical practice in her department, and that she knew the defendant, Dr. Rodriguez, was not authorized by the hospital to perform a continuous epidural anesthesia procedure. She asserted that Dr. Rodriguez started such a procedure on a patient who was delivering a baby and, having started the procedure, he announced to her that he was leaving the hospital and the patient. Knowing the situation was dangerous to the life of the child and mother, she suggested to Dr. Rodriguez that he not leave the hospital. Dr. Rodriguez then became quite angry, and both she and Dr. Rodriguez reported the incident to the hospital authorities.

She alleged that the hospital, and the other named defendants, thereafter commenced a course of conduct to harass, humiliate, and degrade her good name, eventually leading to her willful, malicious, and unlawful termination. She asserted that the reason for her termination was her refusal to assist Dr. Rodriguez in the performance of the unauthorized procedure. She further alleged that she was a professionally qualified, highly skilled, competent, professional registered nurse, with an excellent professional reputation in the Harris County area, and that the defendants held her up to ridicule among her peers and among the professional community, causing her shame, professional humiliation, and economic loss. She asserted that the defendants' intentional and negligent infliction of emotional harm and emotional stress upon her was a proximate cause of the damages sustained to her personal reputation and position, and to her past and future earning capacity.

A summary judgment for a defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff cannot succeed on any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). When the defendants' motion simply challenges the sufficiency of the plaintiff's petition to allege an enforceable claim, the court must take as true every allegation of the pleading against which the motion is directed. *Wood Truck Leasing, Inc. v. American Auto. Ins. Co.*, 526 S.W.2d 223, 224–225 (Tex.Civ.App.—San Antonio 1975, no writ); *Labbe v. Carr*, 369 S.W.2d 952, 954 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.). Applying this standard of re-

**692**

view, the plaintiff's petition, liberally construed, sets out a cause of action recognized in Texas law; thus, the motion for summary judgment must be overruled. *Holmes v. Canlen Management Corp.*, 542 S.W.2d 199, 201–202 (Tex.Civ.App.—El Paso 1976, no writ); *Gottlieb v. Hofheinz*, 523 S.W.2d 7, 9 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd).

In this case, the defendants offered no summary judgment proof to negate the plaintiff's allegations of intentional infliction of emotional distress.

The defendants argued that plaintiff's cause of action stemmed from the discharge, and thus plaintiff cannot recover for emotional distress because plaintiff may not pursue her wrongful discharge claim under Texas law. However, plaintiff's allegations of intentional infliction of emotional distress are based on harsh treatment and rumors circulated about plaintiff before her discharge, not only by her employer, but also by Rodriguez and Kelley individually. Plaintiff's allegations under this cause of action are separate and independent from her allegations of wrongful discharge.

Intentional infliction of emotional distress is recognized in Texas as a separate cause of action. *See Duty v. General Fin. Co.*, 154 Tex. 16, 273 S.W.2d 64, 65–66 (1954); *Tidelands Auto Club v. Walters*, 699 S.W.2d 939, 944 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.). The elements of the tort of intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Tidelands*, 699 S.W.2d at 942.

To recover for mental anguish, the plaintiff must prove such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair, or public humiliation. *Underwriters Life Ins. Co. v. Cobb*, 746 S.W.2d 810, 819 (Tex.App.—Corpus Christi 1988, no writ). Proof of physical injury, however, is no longer re-

quired. *Tidelands*, 699 S.W.2d at 944; *see also St. Elizabeth Hosp. v. Garrard*, 730 S.W.2d 649, 654 (Tex.1987).

We conclude that the plaintiff's allegations establish a cause of action recognized in Texas law, and that the defendants failed to conclusively negate such allegations. We accordingly sustain plaintiff's third point of error. Because of this ruling, we need not address plaintiff's first and second points of error, in which she contends that her pleadings established a cause of action for wrongful termination, and that the defendants' conduct constituted breach of an implied covenant of good faith and fair dealing.

Neither need we consider plaintiff's fourth point of error, which asserts only that the summary judgment was improper because there were genuine issues of material fact regarding the several causes of action alleged.

The judgment of the trial court is reversed, and the cause is remanded to the trial court.