George JOHNSON and Johnson
Programming Services, Inc.,
Appellants,

v.

TEXAS COMMERCE BANK NATIONAL
ASSOCIATION, Sig Byrd, Lynn Hodge,
Charles Mundy, and John Adams, Appellees.

No. 01–91–00765–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 23, 1992.

Rehearing Denied Sept. 4, 1992.

David T. Lopez, Houston, for appellants.

Rob L. Wiley, Houston, for appellees.

Before SAM BASS, JONES and PRICE,[1] JJ.

## OPINION

PRICE, Justice (Assigned).

This is an appeal from a summary judgment.

Appellants sued appellees under 42 U.S.C. § 1981 (Supp.1992), and TEX.CONST. art. 1, § 3(a), alleging racial discrimination. Appellant, George Johnson, is black. His company and co-appellant, Johnson Programming Services, Inc., provides corporations with temporary computer programmers on a contract basis. Appellants alleged that between 1981 and 1988, appellees rejected computer programmers that Johnson offered to them, but later hired those same programmers when recommended by nonminority-owned businesses.

Appellees filed a motion for summary judgment asserting the absence of disputed facts on appellants' claim of discrimination. Appellants responded and appellees replied to the response. The trial court granted appellees' motion.

Appellants bring forward three points of error. The first point asserts the trial court improperly granted appellees' motion for summary judgment because the evidence establishes genuine issues of material fact on each element of appellants' prima facie case.

■ Section 1981 prohibits discrimination based on race. *Runyon v. McCrary,* 427 U.S. 160, 168, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976). To establish a section 1981 violation, a plaintiff must prove intentional discrimination. *General Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). The plaintiff may accomplish this by establishing a prima facie case of disparate treatment. *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977). The United States Supreme Court has suggested that a plaintiff may establish a prima facie case by showing: (1) he belongs to a racial minority; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected under circumstances giving rise to an inference of unlawful discrimination; and (4) after his rejection, the position remained open and the employer continued to seek applicants from persons with plaintiff's qualifications. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253–54 n. 6, 101 S.Ct. 1089, 1094 n. 6, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The plaintiff's prima facie case establishes a presumption of unlawful discrimination. *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094.

■ Once a plaintiff establishes a prima facie case of discrimination, the burden

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

shifts to the defendant to present legitimate, race-neutral reasons for the plaintiff's rejection. *Burdine*, 450 U.S. at 252–56, 101 S.Ct. at 1093–95; *Green*, 411 U.S. at 803–04, 93 S.Ct. at 1825. A prima facie case is rebutted with evidence that raises genuine fact issues on whether the defendant discriminated against the plaintiff. *Burdine*, 450 U.S. at 254, 257, 101 S.Ct. at 1094, 1096 (defendant needs only to produce admissible evidence that would allow a factfinder to rationally conclude the defendant did not discriminate against the plaintiff).

■ When a defendant rebuts the plaintiff's prima facie case with legitimate reasons, the plaintiff has the opportunity to prove the proferred explanations are a pretext for discrimination. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094. This burden merges with the plaintiff's ultimate burden of persuading the factfinder that the defendant has engaged in unlawful discrimination. *Id.* at 256, 101 S.Ct. at 1095.

■ Summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied). In a summary judgment proceeding attacking the plaintiff's cause of action, the defendant-movant must establish the absence of material fact issues on any essential element of the cause of action. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984).

■ Based on the foregoing discussion of the substantive and procedural law for establishing a section 1981 claim, a defendant prevails in summary judgment, if he establishes the absence of a genuine issue of material fact on at least one of the elements of plaintiff's prima facie case. *See Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094. If a defendant is successful, then the reasons for the employment decision become irrelevant, the analysis ends, and defendant wins. If however, defendant's evidence merely presents a nondiscriminatory reason for the plaintiff's rejection, defendant is not entitled to summary judgment, because the evidence creates only a fact issue to the prima facie proof. *See Burdine*, 450 U.S. at 252, 101 S.Ct. at 1093. In the present case, appellees attack Johnson's claim on the basis of the absence of fact issues on the prima facie case.

In support of his first point of error, Johnson argues the summary judgment evidence raised material fact issues on each element of his prima facie case and on the issue of pretext. Appellees argue the pretext issue is never reached, because they established the absence of material fact issues on the inference of discrimination.

The factual basis of appellants' discrimination claims are allegations that between 1981 and 1988, appellees engaged in a course of conduct rejecting appellants' applicants, but hiring those same applicants when later recommended by nonminority-owned businesses.

In support of their summary judgment motion, appellees relied on an affidavit from a vice-president of Texas Commerce Bank National Association (TCB), Sig Byrd. Byrd testified that in October 1987, he assumed the duties of hiring contract programmers for the bank. These duties included administering the hiring of contract programmers and interacting with companies offering applicants for these positions. He stated TCB hires contract programmers to fill those needs that regularly employed computer programmers cannot meet.

Byrd related that initially, TCB obtained the services of some contract programmers without outside assistance. However, a 1987 federal tax ruling required TCB to hire contract programmers through refer-

ral companies. Byrd maintained TCB enforces a strict nondiscrimination policy to which he enthusiastically adheres.

Byrd stated he met with appellant in September 1988 about the possibility of providing contract programmers to TCB. During that meeting, they discussed the procedures TCB followed in hiring such programmers including, "the selection of applicants by the companies, initial screening of resumes by [Byrd] and others at [TCB], then interviews with selected applicants, followed by hire/non-hire recommendations by the front-line supervisors who do the interviews." Byrd said the actual hiring decisions were generally left to the interviewing supervisors who did not know the recommended applicants were sponsored by a minority-owned company.

Byrd stated after he met appellant in September 1988, appellant submitted a number of applicants, at least two of whom were interviewed by front-line supervisors. Byrd quit doing business with appellant because appellant would not custom select the applicants to meet TCB's needs. Byrd claimed that compared to other companies who sent fewer resumes, it took too much time to screen the excessive number of applicants appellant sent to them.

Appellees also presented the affidavit of Michele Roberts, a section manager in TCB's Programming Department. Roberts stated she interviewed one of appellant's applicants in September 1988, but did not know the applicant was sponsored by a minority-owned company.

Appellees claim no material fact issues exist on Johnson's prima facie case, because the summary judgment evidence established they treated appellant no differently from others, and had no knowledge of Johnson's race when they interviewed his applicants. Appellees argue they could not have intentionally discriminated against Johnson by not hiring his applicants, "if the persons interviewing and making decisions about hiring were unaware those applicants came from a minority owned company."

Johnson argues, among other things, appellees' lack of knowledge of his race can-not form the basis of a summary judgment because this involves a credibility issue for the factfinder to resolve. Johnson also claims appellees' summary judgment evidence raised material fact issues on the grounds upon which they relied for summary judgment. We agree.

■ In his affidavit, Byrd indicated he knew appellant's race, and was personally involved in the initial screening of resumes for selecting applicants to interview. He said he generally left the actual hiring decisions to the interviewing supervisors, who had no knowledge of appellant's race. However, he also stated the interviews with the selected applicants were followed by "hire/non-hire recommendations by the front-line supervisors who do the interviews." A recommendation to hire is not the same as a decision to hire. The evidence raised a fact issue on who did the actual hiring. Therefore, assuming appellees' lack of knowledge of appellant's race can form the basis of a summary judgment claim in a section 1981 case, we hold the evidence established a material question of fact on this issue.

■ Additionally, the summary judgment evidence does not establish appellees treated Johnson the same as they did the owners of nonminority businesses. Byrd's affidavit does not state in what manner the way he treated Johnson compared to those nonminority businesses with which he did transact business. The affidavit suggests, however, Byrd treated appellant differently from the nonminority businesses because he objected to the excessive number of applicants appellant submitted.

■ Also, Johnson alleged appellees engaged in a course of discriminatory conduct between 1981 and 1988. Byrd's affidavit explains his activities only since October 1987. There is other summary judgment evidence in the record that TCB's employees dealt with Johnson as early as 1985. Appellees cite to nowhere in the record where they presented proof on the elements of Johnson's allegations that appellees rejected Johnson's applicants but later hired those same applicants when rec-

ommended by nonminority businesses. Because Johnson was the nonmovant for summary judgment, these allegations are taken as true for purposes of this appeal. *See Nixon,* 690 S.W.2d at 548–49. Assuming Johnson can prove these allegations, a fact issue would exist on whether appellees' explanations for rejecting appellant's applicants are worthy of belief. *See Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095.

 This evidence does not help to establish an absence of factual issues on any element of appellants' prima facie case for discrimination. Instead, it offers a race neutral explanation to rebut appellant's prima facie case of racial discrimination.

We sustain appellants' first point of error. We find it unnecessary to address the second and third points of error.

The judgment is reversed, and the cause is remanded to the trial court.