**Reversed and Remanded in Part and Affirmed in Part and Memorandum Opinion filed October 19, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00329-CV

---

### MICHELLE KAPLOWITZ, Appellant

### V.

### LONE STAR TAN GP, LLC; LST AUSTIN I, LTD; AND ASHLEY ALVILLAR, Appellees

---

**On Appeal from the 26th District Court
Williamson County, Texas
Trial Court Cause No. 18-0550-C26**

---

## MEMORANDUM OPINION

Appellant Michelle Kaplowitz appeals the trial court's order granting traditional summary judgment in favor of appellees Lone Star Tan GP ("Lone Star"), LST Austin I, LTD ("LST"), and Ashley Alvillar (collectively "Defendants"). In three issues Kaplowitz asserts the trial court erred in (1) striking her affidavit attached to the response to motion for summary judgment; (2) dismissing her negligence claims based on the exclusive-remedy defense; and (3) dismissing her

intentional infliction of emotional distress claim. Concluding the trial court erred in striking Kaplowitz's affidavit and dismissing Kaplowitz's negligence claims, but not her intentional infliction of emotional distress claim, we affirm in part and reverse and remand in part.

## BACKGROUND

On February 23, 2017, Kaplowitz began employment in a tanning salon named Palm Beach Tan. The store was located at 5001 183A Toll Road, Cedar Park, TX 78613. According to Kaplowitz's petition, she was working at the store on May 27, 2017 while talking on the phone with the store manager, Ashley Alvillar. Alvillar allegedly "lost her temper and verbally assaulted Kaplowitz," who became distressed and experienced a non-epileptic seizure, which caused her to fall and hit her head. Kaplowitz alleged in her petition that, due to a previous brain injury, she experienced seizures when subjected to stressful situations. On the day of the incident Alvillar filed an injury report, which listed LST and Lone Star as Kaplowitz's employers.

Kaplowitz filed suit against Lone Star, LST, and Alvillar[1] alleging intentional infliction of emotional distress ("IIED") and negligence. Kaplowitz further alleged that Lone Star and LST were vicariously liable for the actions of their employee, Alvillar. All three defendants filed answers asserting, inter alia, that their liability for Kaplowitz's negligence claims was precluded by the exclusive remedy provision of the Texas Workers' Compensation Act ("TWCA"). *See* Tex. Lab. Code § 408.001. Defendants further alleged that Kaplowitz could not recover on her IIED claim because the gravamen of her complaint could be addressed by another

---

[1] Kaplowitz initially filed suit against Palm Beach Tan, but later amended her petition as Palm Beach Tan was not her or Alvillar's employer.

common-law tort.

On February 18, 2020, Defendants filed their first amended motion for traditional summary judgment. In the motion, Defendants alleged that Kaplowitz was an employee of Lone Star, and "its related entity LST Austin I, LTD, as a franchisee of Palm Beach." The motion further alleged that both Lone Star and LST were insured for workers' compensation. In support of their motion for summary judgment Defendants relied on (1) a franchise agreement executed on March 18, 2014 between Palm Beach Tan and Lone Star; (2) an assignment and assumption agreement between Palm Beach, Lone Star and LST executed May 8, 2019; (3) a relocation amendment dated January 9, 2017 relocating "Store AUS004" from 1700 West Parmer Lane, Ste 600, Austin, TX 78727 to 5001 183A Toll Road, Cedar Park, TX 78613; (4) a workers' compensation insurance policy listing LST as the insured; (5) the aforementioned injury report; and (6) a hiring packet, which showed Lone Star was Kaplowitz's employer.

Defendants further asserted in their motion for summary judgment that Kaplowitz's pleadings showed her claims gave rise to alternative means of recovery other than IIED. Because IIED is a gap-filler tort, Defendants asserted the tort was not available to Kaplowitz because she has another common-law remedy to address her alleged injuries. Defendants further asserted that Kaplowitz could not maintain an IIED claim because Alvillar's alleged actions did not rise to the level of extreme and outrageous conduct as a matter of law.

Kaplowitz responded to Defendants' motion urging that Defendants had not conclusively established the affirmative defense of the exclusivity provisions of the Texas Labor Code because Lone Star, Kaplowitz's employer, did not maintain workers' compensation insurance as only LST was listed as an insured on the policy. Kaplowitz further alleged that the store where she was allegedly injured in Cedar

Park, Texas, was not listed on the insurance policy. In Kaplowitz's response she relied on (1) her affidavit in which she averred that she was told she would not be covered by workers' compensation; and (2) the deposition testimony of Trevor Klepper, corporate representative of Lone Star and LST in which Klepper testified that the policy attached to the motion for summary judgment was the entire policy and Klepper did not know if Lone Star maintained a separate policy.

As to Kaplowitz's claim of IIED she asserted that she was entitled to plead her negligence and IIED claims in the alternative under the Rules of Civil Procedure, and that Alvillar's alleged "verbal assault" raised a fact issue as to whether her conduct could be deemed extreme and outrageous.

The trial court granted Defendants' motion for summary judgment and dismissed all Kaplowitz's claims. Kaplowitz appealed, and in three issues, challenges the trial court's summary judgment order.

## ANALYSIS[2]

### A.    Standard of Review

To be entitled to summary judgment under Rule 166a(c), a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We consider the evidence presented in the light

---

[2] The Texas Supreme Court ordered the Third Court of Appeals to transfer this case to our court. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3.

most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848. A defendant moving for summary judgment on an affirmative defense must prove conclusively the elements of the defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).

## B.    Exclusivity Defense Under the Texas Labor Code

The Texas Workers' Compensation Act ("TWCA") was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment. *Hughes Wood Prods. v. Wagner*, 18 S.W.3d 202, 206 (Tex. 2000). An employer has the option of providing workers' compensation insurance for employees and becoming a subscriber under the TWCA, or not providing workers' compensation insurance and remaining a nonsubscriber. Tex. Lab. Code § 406.002(a); *Port Elevator–Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012).

If the employer is a subscriber, the TWCA allows employees to recover workers' compensation benefits for injuries in the course and scope of employment without proving fault by the employer and without regard to their negligence or that of their coworkers. *Id.* In exchange, the TWCA prohibits an employee from seeking common law remedies from his employer for personal injuries sustained in the course and scope of his employment. *Hughes Wood Prods.*, 18 S.W.3d at 207. "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." Tex. Lab. Code § 408.001(a).

5

The exclusive-remedy provision is an affirmative defense. *Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 343 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To show that a common-law claim is barred by the TWCA, the defendant must show that the injured worker was (1) its employee at the time of the work-related injury, and (2) covered by workers' compensation insurance. *Phillips v. Am. Elastomer Prods., L.L.C.*, 316 S.W.3d 181, 187 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Once these requirements are satisfied, the exclusive remedy provision is triggered, and all employee claims of work-related negligence and gross negligence are barred. *Warnke*, 358 S.W.3d at 343.

## I. The trial court erred in striking Kaplowitz's affidavit attached to the response to motion for summary judgment.

In Kaplowitz's first issue she challenges the trial court's ruling on the defendants' objections to her summary judgment evidence. In response to the motion for summary judgment Kaplowitz attached a declaration in which she averred, "When I was trained to work at Palm Beach Tan in Cedar Park, Texas, I was told by the person who trained me that I would not be covered by workers' compensation insurance." Defendants filed an objection to the declaration contending that the declaration contained "blanket, conclusory statements of fact from an interested party" and did not constitute proper summary judgment proof. Defendants further objected that the declaration should be struck because it lacked specificity and could not be readily controverted.

A conclusory statement is one that expresses a factual inference without providing underlying facts to support that conclusion. *See, e.g., Arkoma Basin Expl. Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n. 32 (Tex. 2008). Affidavits containing conclusory statements that fail to provide the underlying facts supporting those conclusions are not proper summary judgment evidence. *Nguyen v. Citibank,*

6

*N.A.*, 403 S.W.3d 927, 931 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). To avoid being conclusory, an affidavit must contain specific factual bases, admissible in evidence, from which any conclusions are drawn. *Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538, 542 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Defendants argue Kaplowitz's declaration is conclusory because Kaplowitz failed to give "further detail or background information, including the identity of this alleged person or said person's relation to Defendants. . .." We do not agree that Kaplowitz's statement was a factual conclusion. Kaplowitz's statement that the person who trained her at Palm Beach Tan explained that she would not be covered by workers' compensation insurance is a statement of fact, not an inference from unstated facts. On appeal, Defendants argue this statement cannot be readily controverted because Kaplowitz did not state the name of the person who trained her. Kaplowitz's statement could be readily controverted by Lone Star's employee who trained Kaplowitz.

We conclude that this statement is not conclusory and raises a genuine issue of material fact on whether Kaplowitz's employer was covered by workers' compensation insurance at the time of her injury. *See Padilla v. Metro. Transit Auth. of Harris County*, 497 S.W.3d 78, 85–86 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that minute detail in affidavit was unnecessary to render testimony non-conclusory). We sustain Kaplowitz's first issue.

## II. Defendants did not conclusively establish that Kaplowitz's employer provided workers' compensation insurance.

Lone Star and LST asserted they were both Kaplowitz's employers and were covered by workers' compensation insurance. Kaplowitz contends there is a fact question on both scores. Because this case was decided on summary judgment, the defendants must establish each of their contentions as a matter of law. *See Garza v.*

7

*Exel Logistics, Inc.*, 161 S.W.3d 473, 475 (Tex. 2005).

Defendants' summary judgment evidence reflects that Kaplowitz was employed by Lone Star. The hiring packet attached to Defendants' motion contains no mention of LST. Defendants rely on extraneous documents as evidence that Kaplowitz was employed by both Lone Star and LST. First, Defendants refer to Kaplowitz's answers to interrogatories in which she stated that she worked at "Palm Beach Tan, The Parke, 5001 183A L-200, Cedar Park, Texas 78613." Next, Defendants refer to the franchise agreement between Lone Star Tan, Ltd.—not a party to this suit—and Palm Beach Tan—also not a party, which lists Palm Beach Tan as the franchisor and Lone Star Tan, Ltd, as the franchisee. Finally, Defendants rely on an assignment and assumption agreement signed two years after Kaplowitz's injury, in which LST assumed all rights, liabilities, and obligations from Lone Star Tan, Ltd.

The TWCA defines "employee" as "each person in the service of another under a contract of hire, whether express or implied, or oral or written." Tex. Lab. Code § 401.012(a). An "employer" is "a person who makes a contract of hire, employs one or more employees, and has workers' compensation insurance coverage." *Id*. § 401.011(18). Although determining whether a plaintiff is the defendant's employee is ultimately a matter of applying these statutory definitions, courts have not often found the definitions alone to be dispositive. Frequent litigation over the exclusive-remedy provision has yielded a large body of case law addressing whether the plaintiff was the defendant's employee for workers' compensation purposes. *See Waste Mgmt. of Tex., Inc. v. Stevenson*, 622 S.W.3d 273, 277 (Tex. 2021). Under those cases, "[t]he test to determine whether a worker is an employee rather than an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the work." *Limestone Prods.*

8

*Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002). An employee may have more than one employer within the meaning of the TWCA and each employer may raise the exclusive remedy provision as a bar to the employee's claims. *See Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 143, 148 (Tex. 2003); *see also Garza*, 161 S.W.3d at 476.

In *Wingfoot* and *Garza*, the injured worker was employed by a temporary employment agency (general employer), which agreed to provide another company (client company) with temporary workers. The injured worker sustained a work-related injury while working on the premises of the client company. *Wingfoot*, 111 S.W.3d at 135; *Garza*, 161 S.W.3d at 474. In *Wingfoot*, the supreme court held that the exclusive remedy provision applied to a general employer because the injured worker and the general employer fell within the respective definitions of "employee" and "employer" under the TWCA. 111 S.W.3d at 149. In *Garza*, the undisputed evidence established that at the time the worker was injured, he was working on the client company's premises, in the furtherance of the client company's day-to-day business, and the details of the work that caused his injury were specifically directed by the client company. 161 S.W.3d at 177. Thus, the client company was the employer of the injured worker for the purposes of the exclusive remedy provision. *Id*.

In this case, there is no dispute as to whether Kaplowitz was an employee or independent contractor. The dispute centers on who employed Kaplowitz. The documents attached to Defendants' motion for summary judgment do not conclusively establish that Kaplowitz was employed by LST or by both LST and Lone Star at the time of the injury. The hiring packet signed by Kaplowitz lists Lone Star as her employer. The only documents relied on by Defendants that could reflect LST and Lone Star as Kaplowitz's employers are the assignment and assumption

agreement and the injury report filled out by Alvillar. In contrast, the record reflects that Lone Star alone was Kaplowitz's employer, and LST did not assume Lone Star Tan, Ltd's obligations until two years after Kaplowitz was injured. Because there is conflicting evidence in the summary-judgment record, Defendants have not conclusively proved that Kaplowitz was employed by LST or by both Lone Star and LST.

The summary judgment evidence also includes a workers' compensation insurance policy listing the insured as LST. The policy contains no mention of Lone Star. The policy also does not list the premises on which Kaplowitz was working when she was allegedly injured.

Lone Star and LST assert they have established they were both named insureds on the policy, which provided workers' compensation insurance coverage invoking the TWCA. Under that argument, even if LST was not Kaplowitz's employer the exclusivity defense would apply. The record reflects, however, that LST was the named insured on the policy, not Lone Star. The policy lists several workplaces as "Named Insured Workplaces." The location where Kaplowitz was injured does not appear on the list of insured workplaces. In their brief on appeal, Lone Star and LST argue that Kaplowitz was employed by Lone Star, not another entity, Lone Star, Ltd. Neither party asserted that LST, the named insured, was Kaplowitz's sole employer.

The undisputed evidence establishes that at the time Kaplowitz was injured she was working on the premises located at 5001 183A Toll Road, Cedar Park, TX 78613, an address not listed on the workers' compensation policy. There is evidence that Kaplowitz was hired by Lone Star and that LST was a workers' compensation insurance subscriber. Lone Star has not come forward with a workers' compensation policy that lists Lone Star as an insured, nor has LST come forward with conclusive

10

proof that Kaplowitz was its employee at the time of the alleged injury. While Lone Star and LST argued they were co-employers and were both workers' compensation subscribers, the record does not conclusively establish those facts.

The summary judgment evidence established a genuine issue of material fact as to whether Kaplowitz's employer was covered by workers' compensation insurance. Defendants, therefore, failed to conclusively establish their affirmative defense of the exclusive remedy doctrine. *See Warnke*, 358 S.W.3d at 343 (exclusive remedy doctrine is triggered by conclusive evidence that injured worker was an employee at the time of the work-related injury, and the employer was covered by workers' compensation insurance). We sustain Kaplowitz's second issue.

### III. The trial court did not err in granting summary judgment on Kaplowitz's claim of intentional infliction of emotional distress.

In Kaplowitz's third issue she asserts the trial court erred in dismissing her IIED claim based on the allegations in her petition. Defendants argued in their motion for summary judgment that Kaplowitz could not recover on her IIED claim because the gravamen of her complaint could be addressed by another common-law tort. Defendants further asserted that Alvillar's alleged conduct was not extreme or outrageous as a matter of law.

Earlier we discussed one exception to the TWCA's coverage—the exclusivity defense. This issue implicates another exception, the "intentional tort" exception. Under that exception, the TWCA does not bar recovery for intentional torts attributable to the employer. *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 609 (Tex. 1999).

To prevail on a claim for IIED, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the

11

resulting emotional distress was severe. *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006); *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 197 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A plaintiff's emotional distress must be the "intended or primary consequence of the defendant's conduct." *Bruce*, 998 S.W.2d at 611.

To be extreme or outrageous, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. at 611–12. Meritorious claims for IIED are "relatively rare" because "most human conduct, even that which causes injury to others, cannot be fairly characterized as extreme and outrageous." *Suberu*, 216 S.W.3d at 796 (citing *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 815 n.1 (Tex. 2005) (citing cases in which conduct was found not to be extreme and outrageous)). It is for the court to determine, in the first instance, whether particular conduct has met this high standard. *Bruce*, 998 S.W.2d at 616. Generally, insensitive or even rude behavior does not constitute extreme and outrageous conduct. *Id*. at 611–12. Similarly, mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct. *Id*. Except in circumstances bordering on serious criminal acts, even claims stemming from heinous acts rarely have merit as intentional infliction claims. *Jackson*, 157 S.W.3d at 818. It is the severity and regularity of abusive and threatening conduct that brings it "into the realm of extreme and outrageous conduct." *Bruce*, 998 S.W.2d at 617.

"Emotional distress includes all highly unpleasant mental reactions such as embarrassment, fright, horror, grief, shame, humiliation, and worry." *Id*. at 618; *see also Havens v. Tomball Cmty. Hosp.*, 793 S.W.2d 690, 692 (Tex. App.—Houston [1st Dist.] 1990, writ denied). Severe emotional distress is distress that is so severe

12

that no reasonable person could be expected to endure it. *Bruce*, 998 S.W.2d at 618.

IIED is a gap-filler tort that was "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman–La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004); *see also Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808 (Tex. 2010) (IIED provides remedy where other traditional remedies not available). It was "never intended to supplant or duplicate existing statutory or common-law remedies." *Jackson*, 157 S.W.3d at 816.

Where the gravamen of a complaint is covered by another common-law or statutory tort, IIED is not available. *Zeltwanger*, 144 S.W.3d at 447; *see also Louis v. Mobil Chem. Co.*, 254 S.W.3d 602, 608 (Tex. App.—Beaumont 2008, pet. denied) ("Where the gravamen of the complaint is really another tort, intentional infliction of emotional distress is unavailable even if the evidence would be sufficient to support a claim for intentional infliction of emotional distress in the absence of another remedy."). "Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Jackson*, 157 S.W.3d at 816. A plaintiff cannot maintain a claim for IIED "regardless of whether he . . . succeeds on, or even makes" the precluding claim. *Zeltwanger*, 144 S.W.3d at 448; *see also Garcia v. Shell Oil Co.*, 355 S.W.3d 768, 775–76 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("This is true even if plaintiff does not assert the precluding claim in her petition . . . or asserts the displacing claim but does not prevail . . .").

Because Kaplowitz's claim of IIED depends on the conduct alleged in her claims of negligence, she has another remedy. Where, as here, other tort claims are potentially available there is simply no gap to fill and a plaintiff cannot maintain her claim for IIED regardless of whether she succeeds on, or even makes, the precluding

13

claim. *See Zeltwanger*, 144 S.W.3d at 448.

Kaplowitz argues that the Rules of Civil Procedure permit alternative pleading, therefore permitting her to plead IIED and negligence claims asserting harm from the same conduct. *See* Tex. R. Civ. P. 48 (permitting claims to be pleaded in the alternative). The problem with this argument is that Kaplowitz cites the very same conduct as causing her distress as part of her negligence claims. Kaplowitz has a common-law remedy for Alvillar's alleged actions and her IIED claim fails because it is a gap-filler tort and there is no gap to fill. The trial court did not err in granting summary judgment on this claim. *See Hoffmann–La Roche, Inc.*, 144 S.W.3d at 447. Because Kaplowitz's IIED claim fails as a gap-filler tort we need not address whether Kaplowitz showed Alvillar's conduct was extreme and outrageous as a matter of law. We overrule Kaplowitz's third issue.

## CONCLUSION

We affirm the trial court's summary judgment on Kaplowitz's IIED claim. Having sustained Kaplowitz's first and second issues, we reverse the trial court's summary judgment on grounds of the exclusivity defense and remand for proceedings consistent with this opinion.

/s/      Jerry Zimmerer
         Justice

Panel consists of Justices Wise, Bourliot, and Zimmerer.