Dan THOMAS, Appellant,

v.

Wallace A. ALLSIP, Jr., et al., Appellees.

No. 12–91–00292–CV.

Court of Appeals of Texas, Tyler.

Aug. 28, 1992.

Dan Thomas, pro se.

Wallace A. Allsip, Jr., pro se.

COLLEY, Justice.

Appellant Dan Thomas, an inmate at TDCJ–ID, filed a *pro se in forma pauperis* action against TDCJ–ID employees Wallace A. Allsip, Jr. and Richard R. Wiley under 42 U.S.C. section 1983 for an alleged violation of his fourteenth amendment rights under the UNITED STATES CONSTITUTION. Appellant also sought redress for alleged violations of state laws including civil conspiracy, invasion of privacy and intentional infliction of emotional distress, and prayed for relief in the form of monetary damages, injunctive relief and a declaratory judgment. Prior to service on Appellees, the trial court dismissed the suit as frivolous, citing TEX.CIV.PRAC. & REM.CODE ANN. § 13.001. Appellant appeals the dismissal raising two points of error. We will affirm.

■ Appellant's first point of error alleges in essence that the trial court abused its discretion in dismissing his 42 U.S.C. section 1983 action as frivolous under section 13.001 because his deprivation of his daily shower, "a right created by state prison policy sounding in mandatory explicitly [sic] language," rises to the level of deprivation of a constitutional right. Section 13.001 provides:

   (a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

   (1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.[1]

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1992). On appeal, this Court is not authorized to reverse a section 13.001 dismissal order unless it determines that the trial court abused its discretion. *Birdo v. DeBose,* 819 S.W.2d 212 (Tex.App.—Waco 1991, no writ).

■ The initial analysis in any section 1983 action should be to determine whether the two essential elements for a section 1983 action are present. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).[2] These elements are:

(1) whether the conduct complained of was committed by a person acting under color of state law; and

(2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or the laws of the United States.

*Id.,* 451 U.S. at 535, 101 S.Ct. at 1913 (citing *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Even if it is assumed that Appellees, as state employees, were acting under color of state law, we find that Appellant has not suffered the requisite deprivation of a right, privilege, or immunity. Appellant cites no authority in support of his alleged constitutional right to a daily shower and we can

find none. In *Davenport v. DeRobertis,* 844 F.2d 1310, 1314 (7th Cir.1988), *cert. denied,* 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248, the court held that one shower a week for inmates of Statesville's segregation unit is constitutionally sufficient. *Also see Dorrough v. Hogan,* 563 F.2d 1259, 1262 (5th Cir.1977), *cert. denied,* 439 U.S. 850, 99 S.Ct. 153, 58 L.Ed.2d 153.

■ Moreover, the regulation allegedly violated was not included in the appellate record. Even assuming the regulation exists and that it applies to Appellant, we do not believe a single violation of the regulation would implicate Appellant's fourteenth amendment rights under the UNITED STATES CONSTITUTION. The failure of a state agency to strictly adhere to its own regulations is not a denial of due process unless the conduct also impinges on constitutional safeguards. *Ramirez v. Ahn,* 843 F.2d 864, 867 (5th Cir.1988), *cert. denied,* 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Woodard v. Los Fresnos Independent School District,* 732 F.2d 1243, 1245 (5th Cir.1984). Nor does the fact that a state law or rule was violated become a constitutional violation merely because the violator was a state official. *Baker v. McCollan,* 443 U.S. 137, 146–47, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979) (false imprisonment does not become a fourteenth amendment violation simply because defendant is a state official); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (medical malpractice not a constitutional violation merely because the patient is a prisoner). Thus, there was no arguable basis in law for an action under 42 U.S.C. section 1983 because no constitutional right was implicated. Appellant's first point of error is overruled.

■ Appellant's second point of error alleges that the trial court abused its discretion in dismissing his petition because it alleged three factual claims for relief under

---

**1.** According to *Neitzke v. Williams,* 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989), and *Johnson v. Lynaugh,* 796 S.W.2d 705 (Tex.1990), a dismissal under section 13.-001(b)(3) is no longer proper.

**2.** *Parratt* was overruled in part by *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). However, *Daniels* only overruled *Parratt* to the extent that *Parratt* allowed an action under section 1983 for negligent conduct of state officials.

state tort law. Appellant first alleges that Appellees conspired to retaliate against him for filing an administrative grievance. Appellant cites no authority for his position. In at least one other of his appeals, Appellant has cited this Court to *Massey v. Armco–Steel Co.*, 652 S.W.2d 932 (Tex. 1983), which sets forth the elements of a cause of action for civil conspiracy. The *Massey* court stated that an actionable civil conspiracy is "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." To prevail, a litigant must establish the following elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Massey*, 652 S.W.2d at 934. Here, Appellant's petition alleges the following facts:

(5) On 8/5/91, the Defendants Allsip, and Wiley maliciously at or about 11:52 a.m. conducted an harassing search of Plaintiff's cell as retaliation of my filing an administrative complaint, for denial of mini-law library books, on 8/5/91, by snatching down photos of family and scattering and tearing forms.

(6) Defendant also violated my privacy and read legal correspondence and legal documents addressed to the courts on 8/5/91, at 11:52 a.m.

(7) Then as further retaliation, Defendants wilfully refused my opportunity to shower, as mandated under TDCJ–ID prison regulations # 03.50 directives; at or about 1:33 p.m. by falsely reporting this written refussal [sic] in the admin. segregation log for activities, which is a government record.

(8) Defendants['] acts and omissions, were malicious, and contrary to law and rules.

We find these allegations insufficient to state a cause of action for civil conspiracy.

■ Appellant next alleges that his petition stated a cause of action for invasion of privacy. Texas acknowledged the existence of the intentional tort of invasion of privacy in *Billings v. Atkinson*, 489 S.W.2d 858, 859 (Tex.1973). To establish a cause of action for this tort, the complainant must show: (1) conduct in the nature of an intrusion; (2) the private nature of the thing or place intruded upon; (3) that the intrusion was substantial and the conduct was highly offensive or objectionable to a reasonable person. *Id.* at 859. In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the United States Supreme Court stated:

A prison shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room.... A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required [for] security and internal order. We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security ... loss of freedom of choice and privacy are inherent incidents of confinement.

*Id.* at 527–28, 104 S.Ct. at 3201 (citing *Lanza v. New York*, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962), and *Bell v. Wolfish*, 441 U.S. 520, at 537, 99 S.Ct. 1861, at 1873, 60 L.Ed.2d 447 (1979)). While we are well aware that prison employees and officials cannot interfere with an inmate's access to courts, Appellant has made no such allegation of interference. Moreover, Appellant cites no legal authority that recognizes a right of privacy which would prohibit Appellees from *reading* an inmate's mail addressed to the courts, and we have found none. Neither has he cited nor included in the record any prison regulation prohibiting the reading of this type of legal mail. Thus, the invasion of privacy allegation contains no arguable basis in law. Furthermore, the allegations contained in Appellant's petition fail to state an arguable basis in fact which would satisfy the third element of an invasion of privacy cause of action.

■ Finally, Appellant argues that his petition stated a cause of action for the intentional infliction of emotional distress. In Texas, intentional infliction of emotional

distress is recognized as a separate cause of action. *Havens v. Tomball Community Hospital*, 793 S.W.2d 690, 692 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The elements of this tort are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; (4) the emotion distress suffered by plaintiff was severe. *Id.* at 692; *Tidelands Auto Club v. Walters*, 699 S.W.2d 939, 944 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.). Here, Appellant failed to allege facts in support of elements three and four; thus, there is no arguable basis in fact to support a claim for intentional infliction of emotional distress. Appellant's second point of error is overruled.

The trial court's order of dismissal is affirmed.