Vance DILLON, Appellant,

v.

N. OUSLEY, Appellee.

No. 13–93–466–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 1, 1994.

Vance Dillon, Beaumont, for appellant.

Bruce R. Garcia, Asst. Atty. Gen., Austin, for appellee.

Before KENNEDY, FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

**OPINION**

KENNEDY, Justice.

Vance Dillon appeals from the dismissal of his claim that Norma Ousley denied his state constitutional right of access to the courts. We reverse and remand.

According to Dillon's pleading, he was confined at the Texas Department of Criminal Justice–Institutional Division's McConnell Unit at Beeville, Texas. One morning he had scheduled a medical appointment from 8:00–8:30 a.m. and an overlapping session at the law library from 8:00–10:00 a.m. He received a pass for the infirmary and a pass

for admittance to the library upon conclusion of his medical appointment. He left the infirmary and went into the library with approximately an hour remaining in his time.

Dillon alleged that Ousley denied him access to the library. She refused to acknowledge his library pass or his medical appointment, refused to allow him to stay in the library for the remainder of his session, and refused to authorize his application for additional time. He left the library as she instructed. He returned to the library about thirty minutes later to attempt to informally resolve the dispute. Ousley became hostile and shouted at him that he was late, to talk to someone else or file a grievance, and to get out.

Dillon filed this suit, alleging that Ousley displayed a willful, wanton, or reckless indifference toward his interest to be free from deprivation of daily access to the library without due process; that she arbitrarily infringed upon his right to attend a daily session at the library; that she willfully, wantonly, or recklessly breached her duty of care to assure him daily access to the library; and that she knew or reasonably should have known that her practice maliciously infringed upon prisoner access to the courts. He contended that these actions violated Texas Constitution Article I, section 9; Penal Code section 39.021(A)(2); and TDCJ–ID Rule A M 03.81.030.

Ousley answered and moved to dismiss, contending that the action was frivolous. She contended that Dillon sued her in her official capacity as a TDCJ–ID employee, rendering it a suit against the State and barring the suit under sovereign immunity. Ousley also contended that she acted in good faith as a State employee, entitling her to qualified immunity. She finally asserted a quasi-judicial immunity "which shields her from being sued in [her] individual capacity under any state cause of action as her acts were discretionary and within the scope of [her] authority."

The court granted the motion to dismiss the next day without a hearing or further pleadings. By his sole point of error, Dillon contends that the district court abused its discretion by granting Ousley's motion to dismiss.

■ We review the court's action for abuse of discretion. *Birdo v. DeBose*, 819 S.W.2d 212, 214 (Tex.App.—Waco 1991, no writ). We determine whether the court acted without reference to guiding principles. *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex.1939). We determine whether the action was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984).

■ Courts must interpret *in forma pauperis* petitions from prisoners broadly. *Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex.App.—Waco 1991, no writ). Unless a claim's frivolous nature appears from the face of the pleading, the court may have to "sift the claims" until their merit, or lack of same, appears. *Id.*

The court gave no basis for its dismissal other than that it granted Ousley's motion. The motion's bases were that the action's realistic chance of ultimate success was slight and that the claim had no arguable basis in law or fact. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b)(1 & 2) (Vernon Supp.1994).

■ Dillon founds his claim on violations of a TDCJ–ID rule, a state statute, and a state constitutional provision. Violation of a prison rule does not alone give rise to a due process claim unless the violation impinges on a constitutional right. *Thomas v. Allsip*, 836 S.W.2d 825, 827 (Tex.App.—Tyler 1992, no writ). Neither does the violation of a penal statute necessarily give rise to a private cause of action. *Spellmon*, 819 S.W.2d at 211. We must, therefore, focus on the state constitution.

■ Dillon claims violation of the state bill of rights provision that protects citizens against deprivation of life, liberty, property, privileges, or immunities. TEX. CONST. art. I, § 19. The United States Supreme Court has found that the right of access to the courts under the fourteenth amendment to the federal constitution requires the states "to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." *Bounds v. Smith*, 430 U.S. 817, 824, 97 S.Ct.

1491, 1496, 52 L.Ed.2d 72 (1977). This requires prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. at 1498. The Texas Supreme Court has found the state constitution's "due course of law" guarantee in section nineteen roughly equivalent to the United States Constitution's "due process of law" guarantee in the fourteenth amendment. *Mabee v. McDonald,* 175 S.W. 676, 680 (Tex.1915). We find that the state constitution's protection of an inmate's right of access to judicial process is, in this context, at least as broad as that found under the federal constitution.

We find that the court abused its discretion in dismissing the case. The court's order made no reference to what principles guided it in ordering the dismissal. Dillon claimed that he sought access to the law library in accordance with prison regulations effectuating a constitutionally protected right and was denied that access. His claim has at least an arguable basis in law and fact. Ousley's response does not allege facts showing that she is entitled, as a matter of law, to the immunities she claims.

We cannot accurately gauge his chances of ultimate success from his pleadings; neither, we find, could the trial court. He alleged a baseless, irrational deprivation of a right. He alleged that he followed the prison's procedures and even attempted an informal, non-litigative resolution to no avail. We cannot tell from the face of the pleading, however, whether the denial of this one visit rose to the level of deprivation of his constitutional right. We find that, though further development may show his chance of success so slight as to justify dismissal, the *summary* dismissal was arbitrary and unreasonable. *See Spellmon,* 819 S.W.2d at 212.

We reverse and remand for further proceedings.