NUMBER 13-02-461-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
BILLY RELL MILES,                                                                    Appellant,

v.

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,                                                                   Appellee.
                                                                                                                                      

On appeal from the 343rd District Court of Bee County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez

 
          This is an appeal from the trial court’s dismissal of appellant’s case pursuant to 
chapter 14 of the Texas Civil Practice and Remedies Code.


 By one issue, appellant, Billy
Miles, a pro se inmate, contends that the trial court improperly dismissed his case. We
affirm. 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
Standard of Review
       The dismissal of an inmate’s case under chapter 14 of the Texas Civil Practice and
Remedies Code is reviewed under an abuse of discretion standard. See Lewis v. Johnson,
97 S.W.3d 885, 886-87 (Tex. App.–Corpus Christi 2003, no pet.). An abuse of discretion
occurs when a trial court acts without reference to any guiding rules or principles. See
Downer v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985). Courts must
interpret in forma pauperis petitions from inmates broadly. Dillon v. Ousley, 890 S.W.2d
500, 501 (Tex. App.–Corpus Christi 1994, no writ). 
Analysis
          In his sole issue, appellant argues that the trial court improperly dismissed his case
because appellees, the Texas Department of Criminal Justice (“TDCJ”) and Warden
James Zellers, refused to provide him with sufficient postage to mail legal documents,
which violated his constitutional rights and deprived him of access to court. 
          Appellees contend that it was appropriate under chapter 14 for the trial court to
dismiss the suit because appellant failed to state any claim upon which relief could be
granted. The record reflects that the State filed a motion to dismiss, and in its motion,
argued that dismissal was appropriate because the suit failed to establish a basis in law
or fact to support a constitutional claim or access-to-court claim. On August 22, 2002, after
considering appellee’s arguments, the trial court dismissed the case. Dismissal is
appropriate if the court determines that the claim is frivolous or malicious. See Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2004); Jackson v. Texas Dep’t of Criminal
Justice-Inst. Div., 28 S.W.3d 811, 814 (Tex. App.–Corpus Christi 2000, pet. denied). In
determining whether a claim is frivolous or malicious, the court may consider whether: (1)
the claim’s realistic chance of ultimate success is slight; (2) the claim has no arguable
basis in law or in fact; and (3) it is clear that the party cannot prove facts in support of the
claim. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2004); see Jackson,
28 S.W.3d at 814. 
Constitutional Claim
            Section 1983 provides that: 
 
Every person who, under color of any statute, ordinance, regulation, custom,
or usage, of any State . . . subjects, or causes to be subjected, any citizen
of the United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action at law,
suit in equity, or other proper proceeding for redress. 

42 U.S.C. § 1983 (2004); see Thomas v. Allen, 837 S.W.2d 631, 632 (Tex. 1992) (per
curiam). 
          Here, appellant vaguely references a constitutional violation under section 1983, but
fails to explain how any person, acting under the color of statute, violated his constitutional
rights. Accordingly, we conclude that because appellant failed to state an actionable
section 1983 claim, the trial court did not abuse its discretion in dismissing this claim under
chapter 14 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(b) (Vernon 2004). 
Access to Court
          Inmates have a right of access to legal materials, and prison officials cannot deny
inmates access to court. Bounds v. Smith, 430 U.S. 817, 824-25 (1976). The United
States Supreme Court, however, requires that an appellant allege facts supporting an
actual injury arising from his deprivation of the right of access to court. See Lewis v. Casey,
518 U.S. 343, 351-52 (1996). 
          Here, the record reflects that appellees provided postage for appellant’s use in
mailing legal documents. Appellant filed suit because, on the occasion in question, he
attempted to mail a legal document to a court of appeals, and appellees notified him that
they were unable to mail the document because the cost of mailing the document
exceeded the postage allowance available to appellant. 
          More importantly, however, the record demonstrates that appellant has failed to
allege facts that support an actual injury arising from appellee’s conduct. See id. 
(dismissal of inmate’s claim due to insufficient legal assistance program is example of
actual injury). As such, we conclude that because appellant failed to allege an actual injury
in support of his claim that he was denied access to court, the trial court did not abuse its
discretion in dismissing appellant’s suit under chapter 14 of the civil practice and remedies
code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2004).
          Appellant’s sole issue on appeal is overruled. We affirm the trial court’s order
dismissing appellant’s case. 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Memorandum opinion delivered and filed this the
12th day of August, 2004.