COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-352-CV

 

 

CURTIS R. FRANCIS,                                                            APPELLANT

TDCJ-ID
#564414                                                                               

 

                                                   V.

 

TDCJ-CID,
ET AL.                                                                  APPELLEE

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is the second appeal in this case.  Appellant Curtis R. Francis, an inmate
confined in the Allred Unit of the Texas Department of Criminal JusticeCCorrectional
Institutions Division (ATDCJ@) at the
time the underlying events occurred, appeals from the trial court=s grant
of summary judgment in favor of Appellees TDCJ; Danny Horton, the warden at the
Allred Unit; and Deborah Ford, formerly the law librarian at the Allred
Unit.  In three issues, Francis argues
that Appellees were not entitled to summary judgment on their respective
affirmative defenses of immunity, that TDCJ did not establish its summary
judgment burden on the issue of whether it was a proper party to this suit, and
that the trial court erred by granting Horton=s
summary judgment motion on Francis=s claims
of vicarious liability and respondeat superior.    Because
we hold that Francis did not challenge on appeal the summary judgment regarding
his claims against TDCJ under United States Code Title 42, section 1983[2]
(Asection
1983A) and
under the Texas Constitution, we affirm the summary judgment for TDCJ.  As to the summary judgment for Ford and
Horton, however, we reverse in part and affirm in part.  Because we hold that the summary judgment
motions did not address Francis=s claims
against Ford and Horton under the Texas Constitution, we reverse the judgment
in part and remand those claims to the trial court.  Because we hold the trial court did not err
by granting summary judgment for Ford and Horton on Francis=s
section 1983 claims against them, we affirm the trial court=s
judgment on those claims.

 








Facts and Procedural History

In 2004, Francis sued TDCJ and three individual
defendants (the A2004 action@).  The defendants in that suit filed pleas to
the jurisdiction.  TDCJ=s plea
was granted on June 30, 2004.  Before the
trial court ruled on the remaining defendants= pleas,
Francis filed three grievances, one relating to the conditions of his
confinement and two relating to access to books from the law library.  Francis then sued Appellees alleging
constitutional violations, violations of the Texas Tort Claims Act, and
negligence.  On November 9, 2004, the
trial court granted the remaining defendants= pleas
to the jurisdiction.








On October 27, 2004, Francis filed this suit
against TDCJ, Horton, and Ford.  Francis=s
petition included a claim of lack of access to courts based on restricted
access to law books and retaliation against him by prison staff for requesting
law books.  In the section of his
petition raising his access-to-courts claim, he does not specifically allege
that his claims arise under the Texas Constitution or under section 1983.  But he does state that he has a
constitutional right of access to courts, and the petition states generally that
he brought his suit under Article 1 section 19 of the Texas Constitution.  Appellees do not dispute that the language of
his petition raises a section 1983 claim.[3]

Appellees filed motions to dismiss under chapter
fourteen of the Texas Civil Practices and Remedies Code, which the trial court
granted.  On appeal, this court affirmed
the dismissal as to Francis=s claims
based on two of the grievances decisions but reversed and remanded as to the
September 27, 2004, grievance decision.[4]  That grievance decision addressed his Aaccess-to-court@
complaintsCthat he was denied access to the
law library and that he was harassed and retaliated against for requesting
access.








On remand, Appellees each moved for summary
judgment against Francis=s section 1983 claims on
multiple grounds.  The motions did not
address Francis=s claims against them under the
Texas Constitution.  The trial court
granted the motions without specifying the grounds on which he based the
judgment and dismissed all of Francis=s claims
with prejudice.  Francis timely perfected
his appeal.

Standard of Review

In a summary judgment case, the issue on appeal
is whether the movant met the summary judgment burden by establishing that no
genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law.[5]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[6]








Summary judgment cannot be granted except on the
grounds expressly presented in the motion.[7]  In determining whether grounds are expressly
presented, reliance may not be placed on briefs or summary judgment evidence.[8]  The movant is not required to negate all
possible issues of law and fact that could have been raised by the
nonmovant but were not.[9]

Analysis

Texas Tort Claims Act Claim Against TDCJ








We first consider Francis=s second
issue, in which he argues that the trial court erred by granting summary
judgment for TDCJ on the issue of whether it is a proper defendant in this
suit.  The gist of his argument is that
he asserted a claim against TDCJ under the Texas Tort Claims Act (ATTCA@), that
TDCJ is a proper party under that claim, and that TDCJ did not address this
claim in its motion for summary judgment. 
While Francis did assert a TTCA claim against TDCJ in his petition, that
claim related to his grievance about conditions of his confinement.  That claim was dismissed by the trial court and
was not included in the claims remanded by this court; thus, the TTCA claim was
not before the trial court below, and TDCJ had no need to seek summary judgment
on that claim.  As to any section 1983
claim brought against TDCJ, in his brief, Francis states that he Adid not
sue [TDCJ] under 42 USC ' 1983.@  Therefore, because Francis does not argue on
appeal that summary judgment was improperly granted to TDCJ on his section 1983
claim, we do not consider that argument.[10]  We overrule Francis=s second
issue.

Section 1983 Claim Against Horton Under Doctrines of Respondeat
Superior and Vicarious Liability








We next consider Francis=s
section 1983 claim against Horton in light of his third issue, in which he argues
that the trial court erred by granting the summary judgment for Horton because
Francis alleged a cause of action under the doctrines of respondeat superior
and vicarious liability.  Horton asserted
two grounds for summary judgment.  In his
first ground, he argued that Francis failed to demonstrate an actionable claim
under section 1983.  Francis=s
petition stated that Horton was being sued in his Apersonal@
capacity, which we take to mean his individual, as opposed to official,
capacity.  A supervisory official such as
Horton Amay be
held liable [under section 1983] if there exists either (1) his personal involvement
in the constitutional deprivation, or (2) a sufficient causal connection
between the supervisor's wrongful conduct and the constitutional violation.@[11]  A supervisory official may be liable Aeven
without overt personal participation in the offensive act@ if the
official Aimplement[s] a policy so
deficient that the policy itself is a repudiation of constitutional rights and
is the moving force of the constitutional violation.@[12]








In his motion for summary judgment, Horton argued
that Francis=s petition provided no facts
demonstrating that he was personally involved in any alleged constitutional
deprivation and that Francis did not assert that Horton implemented unconstitutional
policies that causally resulted in Francis=s
injuries.  Francis=s
petition contained only one reference to Horton in his access-to-courts
claim:  APlaintiff
complained to [Horton] that he had a case pending in the 78th Judicial District
Court and Ms. Ford=s action was impeding on his
efforts to litigate in the case.@  We agree that this single statement does not
allege that Horton was personally involved in any constitutional deprivation or
that Horton implemented unconstitutional policies that resulted in Francis=s
injuries.  The petition does not state
what conduct of Horton=s Francis complains of, let
alone allege that Horton had personal involvement in a constitutional
deprivation or that there is a sufficient causal connection between any conduct
of Horton=s and a constitutional
deprivation.

Francis does not argue on appeal that his
petition did allege a cause of action against Horton.  Rather, he attempts for the first time to
assert facts supporting a cause of action against Horton.  He alleges that Horton can be held
vicariously liable because Horton=s
inaction in supervising and training Ford amounted to deliberate
indifference.  He also asserts that this
inaction demonstrates a causal connection between Horton=s
failure to supervise and violations of Francis=s
constitutional rights.  Francis cannot
make these arguments for the first time on appeal.[13]








Francis also argues on appeal that he brought a
common law negligence claim and that Horton is liable under the doctrine of
respondeat superior for the intentional acts of Ford.  While Francis did assert a negligence claim
in his petition, that claim related to his grievance about conditions of his
confinement. That claim was dismissed by the trial court and was not included
in the claims remanded by this court for proceedings in the trial court.  Thus, the negligence claim (and the theory of
respondeat superior) was not before the trial court when Horton filed his
summary judgment motion, and Horton had no need to seek summary judgment on
that claim.  We overrule Francis=s third
issue and affirm the summary judgment as to Horton on Francis=s
section 1983 claim.

Access-to-Court Claims and Assertions of Immunity by TDCJ, Ford, and
Horton

In his first issue, Francis argues that the trial
court erred by granting summary judgment for TDCJ on its affirmative defense of
sovereign immunity and for Ford and Horton on their respective affirmative
defenses of qualified immunity.  As to
TDCJ, Francis does not claim that TDCJ does not have immunity for section 1983
claims.  He asserts merely that he sued
TDCJ under the TTCA.  Francis did not
assert a TTCA claim against TDCJ with respect to his access-to-courts
claim.  We thus overrule his first issue with
respect to TDCJ.  Francis did not argue
in his brief on appeal that the trial court erred by granting summary judgment
for TDCJ on his claim arising under the Texas Constitution, so we will not
consider whether the summary judgment on this claim was error.[14]








With respect to Ford and Horton, Francis makes
two arguments in his first issue.  First,
he argues that Ford and Horton were not entitled to qualified immunity on his
section 1983 claims.  We consider first
whether the trial court erred by granting summary judgment for Ford on Francis=s
section 1983 claims.  Ford asserted two
grounds in her motion for summary judgment. 
First, she asserted the affirmative defense of qualified immunity.  Second, she claimed that she negated as a
matter of law an element of Francis=s claim
by producing summary judgment evidence demonstrating that Francis was not
prevented from prosecuting his 2004 action.

Because Francis did not file a response to the
summary judgment motion, he is limited on appeal to arguing that Ford=s
summary judgment evidence was legally insufficient.[15]  He makes no such argument with respect to
Ford=s second
ground for summary judgment.  Because he
makes no complaint about the summary judgment on this ground, we can affirm
summary judgment on this ground alone.[16]  Out of an abundance of caution, however, we
consider whether Ford negated an element of Francis=s cause
of action as a matter of law.[17]








To prevail on an access-to-courts claim under the
federal constitution, a plaintiff must show actual injury.[18]  Ford argued that Francis had not provided
competent evidence to demonstrate that he had been denied access to legal
books; and even if he could present such evidence, Ford=s own
summary judgment evidence demonstrated that in the 2004 action, Francis filed a
motion for summary judgment and timely responses to the motions to dismiss, all
containing multiple citations to case law and statutes.  Thus, Ford argues, Francis was not prevented
from presenting his arguments.  She
further argued that Francis could not demonstrate that his allegations are
causally linked to actual injury because his actual damages were below the
jurisdictional limit of the court and access to additional legal information
would not have allowed Francis to cure this fatal flaw.













Her summary judgment evidence consisted of the
following:  TDCJ=s plea
to the jurisdiction claiming sovereign immunity and the court=s lack
of subject-matter jurisdiction based on the amount in controversy; Francis=s
response, which cites case law and statutes; the remaining defendants= plea to
the jurisdiction asserting lack of subject-matter jurisdiction based on the
amount in controversy; and Francis=s
response, asserting different objections than he had asserted in response to
TDCJ=s motion
and also citing case law.  This evidence
shows that Francis was not prevented from presenting his case on appeal.  From the authority cited in his responses, he
clearly was not denied access to courts.[19]  He presented no evidence, in response to Ford=s
summary judgment evidence, to show that had he been given access to different
books, his case would not have been dismissed, or that he could have overcome
the amount-in-controversy requirement. 
We hold that Ford established as a matter of law that Francis was not
prevented from making a response and that he could not demonstrate his
allegations are causally linked to actual injury.  Because Francis brought no evidence below to
raise a genuine issue of material fact on this ground, the trial court=s grant
of summary judgment for Ford was proper on Francis=s
section 1983 claim.  We affirm the
summary judgment for Ford on Francis=s
section 1983 claim on this ground.  We
therefore do not need to reach the issue of whether summary judgment was proper
on Ford=s claim
of qualified immunity.[20]  Because we have already affirmed the summary
judgment for Horton on Francis=s
section 1983 claims, we likewise do not need to consider whether Horton was
entitled to qualified immunity.[21]

Francis also now asserts for the first time that
denial of library access resulted in his filing his petition in the wrong court
in the first place.  We note that no such
complaint was included in the grievance that resulted in the September 27th
grievance decision, nor was it included in his petition, and thus it was not
before the trial court below and is not before this court on appeal.  We overrule Francis=s first
issue with respect to his section 1983 claims against Ford and Horton.

In Francis=s second
argument under this issue with respect to Ford and Horton, he maintains that he
also made common law negligence and state constitutional claims that were not
addressed by the summary judgment motion. 
While Francis did assert negligence claims in his petition, he did not
allege negligence with respect to his access-to-courts cause of action.  The negligence claims had already been
dismissed and were not before the trial court on remand.  We overrule his first issue with respect to
his negligence claims.








Francis is correct, however, that he asserted a
state constitutional claim in his petition and that Ford and Horton did not
address this claim.  In his petition, he
states that his rights were violated under Texas Constitution, Article 1,
section 19 (Asection 19A).  The petition later alleges that Appellees Aviolated
his rights of access [to] court, to law books and to legal visits@ and
that they Aharassed, retaliated, and
discourage[d] him from pursuing those rights.@  An inmate in Texas has a right of access to courts
not only under the federal constitution but also under section 19.[22]








Francis=s
petition does not make clear whether, with respect to his access-to-court claim
under the Texas Constitution, he is suing for monetary damages or injunctive
relief, but his brief expressly states that his suit is for damages.  Thus, to the extent (if any) that his
petition brought access-to-court claims seeking equitable relief, he does not
appeal the grant of summary judgment as to those claims.  Although this court and others have held that
there is no right of action for damages arising under the section 19,[23]
Ford and Horton did not move for summary judgment on that ground.  Although under chapter fourteen of the Civil
Practice and Remedies Code, a trial court may dismiss a claim on its own
motion if the court finds that the claim has no arguable basis in law or in
fact,[24]
nothing in the record indicates that the court dismissed this claim under
chapter fourteen.  Rather, the trial
court=s orders
state that Francis=s claims were dismissed after
consideration of Appellees= motions
for summary judgment.  But the trial
court should not have dismissed this state constitutional claim seeking damages
in the summary judgment because Ford and Horton did not address it in their
motions.  We reverse the summary judgment
on this state constitutional claim as to Ford and Horton and remand the claim
to the trial court.  We sustain Francis=s first
issue against Ford and Horton only with respect to his claim arising under
section 19.  We affirm the summary
judgment for TDCJ.

To the extent that Francis=s
access-to-court claim includes a claim regarding the denial of legal visits
from another inmate, that claim was not addressed in the September 27th
grievance decision and was not before the trial court below.  We therefore do not include such a claim on remand.

 








 

 

 

 

 

 

Conclusion

We reverse and remand in part and affirm in
part.  Having sustained Francis=s first
issue as to his claims against Ford and Horton arising under the Texas
Constitution, Article 1, section 19, we reverse the trial court=s
summary judgment for those Appellees in part and remand those claims for
trial.  We affirm the trial court=s
summary judgment on all remaining claims.

 

PER CURIAM

PANEL F:    DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DELIVERED:  August 31, 2007











[1]See Tex.
R. App. P.
47.4.





[2]42 U.S.C. ' 1983 (2000).





[3]See Decker v. Dunbar, 200 S.W.3d 807, 810
(Tex. App.CTexarkana 2006, pet.
denied) (ASection 1983 provides a
remedy when any person acting under color of state law deprives another of
rights, privileges, or immunities protected by the United States Constitution
or laws[,]@ and A[an inmate] does have a
right, as articulated by the courts, to adequate access to legal materials@); see also Woods v.
Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, Palermo
v. Woods, 516 U.S. 1084 (1996).  (A[A] prison official may
not retaliate against or harass an inmate for exercising the right of access to
the courts.@).





[4]Francis v. TDCJ‑CID, 188 S.W.3d 799, 805
(Tex. App.CFort Worth 2006, no
pet.).





[5]Tex.
R. Civ. P.
166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979).





[6]IHS Cedars Treatment Ctr.
of Desoto,
Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[7]Johnson v. Brewer &
Pritchard,
P.C., 73 S.W.3d 193, 204 (Tex. 2002); Sci. Spectrum, Inc.
v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997).





[8]McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993).





[9]INA of Tex. v. Bryant, 686 S.W.2d 614, 615
(Tex. 1985); Clear Creek Basin Auth., 589 S.W.2d at 678-79.





[10]See Pat Baker Co. Inc. v.
Wilson,
971 S.W.2d 447, 450 (Tex. 1998) (noting that an appellate court cannot reverse
on Aunassigned error,@ i.e., a ground not
presented in the appellate briefs).





[11]Thompkins v. Belt, 828 F.2d 298, 303‑04
(5th Cir. 1987).





[12]Id. at 304 (internal
quotations omitted).





[13]See Clear Creek Basin
Auth.,
589 S.W.2d at 678-79.





[14]See Pat Baker Co., 971 S.W.2d at 450.





[15]See Clear Creek Basin
Auth.,
589 S.W.2d at 678.





[16]See Umar v. Scott, 991 S.W.2d 512, 515
(Tex. App.CFort Worth 1999, no
pet.).





[17]See Clear Creek Basin
Auth.,
589 S.W.2d at 678 (holding that summary judgments must stand on their own
merits and cannot be affirmed merely because the nonmovant does not file a
response).





[18]Lewis v. Casey, 518 U.S. 343, 351‑52,
116 S. Ct. 2174, 2180‑81 (1996).





[19]See Mann v. Smith, 796 F.2d 79, 84 (5th
Cir. 1986) (holding that although plaintiff inmate was denied access to the law
library, he was not denied access to courts and stating that the plaintiff
inmate Ahimself proved in an
irrefutable manner that he was able to file a legally sufficient
complaint:  by doing so@).





[20]See Tex.
R. App. P.
47.1.





[21]See id.





[22]See Thomas v. Brown, 927 S.W.2d 122, 125
(Tex. App.CHouston [14th Dist.]
1996, writ denied); Dillon v. Ousley, 890 S.W.2d 500, 501-02 (Tex. App.CCorpus Christi 1994, no
writ).





[23]See Univ. of Tex. Sys. v.
Courtney, 946 S.W.2d 464, 468-69 (Tex. App.CFort Worth 1997, writ
denied); see also Tex. A & M Univ. Sys. v. Luxemburg, 93
S.W.3d 410, 425 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).





[24]Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002).