COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-352-CV

CURTIS R. FRANCIS, APPELLANT

TDCJ-ID #564414 

V.

TDCJ-CID, ET AL. APPELLEE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is the second appeal in this case.  Appellant Curtis R. Francis, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice—Correctional Institutions Division (“TDCJ”) at the time the underlying events occurred, appeals from the trial court’s grant of summary judgment in favor of Appellees TDCJ; Danny Horton, the warden at the Allred Unit; and Deborah Ford, formerly the law librarian at the Allred Unit.  In three issues, Francis argues that Appellees were not entitled to summary judgment on their respective affirmative defenses of immunity, that TDCJ did not establish its summary judgment burden on the issue of whether it was a proper party to this suit, and that the trial court erred by granting Horton’s summary judgment motion on Francis’s claims of vicarious liability and respondeat superior. Because we hold that Francis did not challenge on appeal the summary judgment regarding his claims against TDCJ under United States Code Title 42, section 1983
(footnote: 2) (“section 1983“) and under the Texas Constitution, we affirm the summary judgment for TDCJ.  As to the summary judgment for Ford and Horton, however, we reverse in part and affirm in part.  Because we hold that the summary judgment motions did not address Francis’s claims against Ford and Horton under the Texas Constitution, we reverse the judgment in part and remand those claims to the trial court.  Because we hold the trial court did not err by granting summary judgment for Ford and Horton on Francis’s section 1983 claims against them, we affirm the trial court’s judgment on those claims.

Facts
 
and Procedural History

In 2004, Francis sued TDCJ and three individual defendants (the “2004 action”).  The defendants in that suit filed pleas to the jurisdiction.  TDCJ’s plea was granted on June 30, 2004.  Before the trial court ruled on the remaining defendants’ pleas, Francis filed three grievances, one relating to the conditions of his confinement and two relating to access to books from the law library.  Francis then sued Appellees alleging constitutional violations, violations of the Texas Tort Claims Act, and negligence.  On November 9, 2004, the trial court granted the remaining defendants’ pleas to the jurisdiction.

On October 27, 2004, Francis filed this suit against TDCJ, Horton, and Ford.  Francis’s petition included a claim of lack of access to courts based on restricted access to law books and retaliation against him by prison staff for requesting law books.  In the section of his petition raising his access-to-courts claim, he does not specifically allege that his claims arise under the Texas Constitution or under section 1983.  But he does state that he has a constitutional right of access to courts, and the petition states generally that he brought his suit under Article 1 section 19 of the Texas Constitution.  Appellees do not dispute that the language of his petition raises a section 1983 claim.
(footnote: 3)
 Appellees filed motions to dismiss under chapter fourteen of the Texas Civil Practices and Remedies Code, which the trial court granted.  On appeal, this court affirmed the dismissal as to Francis’s claims based on two of the grievances decisions but reversed and remanded as to the September 27, 2004, grievance decision.
(footnote: 4)  That grievance decision addressed his “access-to-court” complaints—that he was denied access to the law library and that he was harassed and retaliated against for requesting access.

On remand, Appellees each moved for summary judgment against Francis’s section 1983 claims on multiple grounds.  The motions did not address Francis’s claims against them under the Texas Constitution.  The trial court granted the motions without specifying the grounds on which he based the judgment and dismissed all of Francis’s claims with prejudice.  Francis timely perfected his appeal.

Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.
(footnote: 5)  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
(footnote: 6)
 Summary judgment cannot be granted except on the grounds expressly presented in the motion.
(footnote: 7)  In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.
(footnote: 8)  The movant is not required to negate all possible issues of law and fact that 
could
 have been raised by the nonmovant but were not.
(footnote: 9)
Analysis

Texas Tort Claims Act Claim Against TDCJ

We first consider Francis’s second issue, in which he argues that the trial court erred by granting summary judgment for TDCJ on the issue of whether it is a proper defendant in this suit.  The gist of his argument is that he asserted a claim against TDCJ under the Texas Tort Claims Act (“TTCA”), that TDCJ is a proper party under that claim, and that TDCJ did not address this claim in its motion for summary judgment.  While Francis did assert a TTCA claim against TDCJ in his petition, that claim related to his grievance about conditions of his confinement.  That claim was dismissed by the trial court and was not included in the claims remanded by this court; thus, the TTCA claim was not before the trial court below, and TDCJ had no need to seek summary judgment on that claim.  As to any section 1983 claim brought against TDCJ, in his brief, Francis states that he “did 
not
 sue [TDCJ] under 42 USC § 1983.”  Therefore, because Francis does not argue on appeal that summary judgment was improperly granted to TDCJ on his section 1983 claim, we do not consider that argument.
(footnote: 10)  We overrule Francis’s second issue.

Section 1983 Claim Against Horton Under Doctrines of Respondeat Superior and Vicarious Liability

We next consider Francis’s section 1983 claim against Horton in light of his third issue, in which he argues that the trial court erred by granting the summary judgment for Horton because Francis alleged a cause of action under the doctrines of respondeat superior and vicarious liability.  Horton asserted two grounds for summary judgment.  In his first ground, he argued that Francis failed to demonstrate an actionable claim under section 1983.  Francis’s petition stated that Horton was being sued in his “personal” capacity, which we take to mean his individual, as opposed to official, capacity.  A supervisory official such as Horton “may be held liable [under section 1983] if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.”
(footnote: 11)  A supervisory official may be liable “even without overt personal participation in the offensive act” if the official “implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.”
(footnote: 12)
 In his motion for summary judgment, Horton argued that Francis’s petition provided no facts demonstrating that he was personally involved in any alleged constitutional deprivation and that Francis did not assert that Horton implemented unconstitutional policies that causally resulted in Francis’s injuries.  Francis’s petition contained only one reference to Horton in his access-to-courts claim:  “Plaintiff complained to [Horton] that he had a case pending in the 78th Judicial District Court and Ms. Ford’s action was impeding on his efforts to litigate in the case.”  We agree that this single statement does not allege that Horton was personally involved in any constitutional deprivation or that Horton implemented unconstitutional policies that resulted in Francis’s injuries.  The petition does not state what conduct of Horton’s Francis complains of, let alone allege that Horton had personal involvement in a constitutional deprivation or that there is a sufficient causal connection between any conduct of Horton’s and a constitutional deprivation.

Francis does not argue on appeal that his petition did allege a cause of action against Horton.  Rather, he attempts for the first time to assert facts supporting a cause of action against Horton.  He alleges that Horton can be held vicariously liable because Horton’s inaction in supervising and training Ford amounted to deliberate indifference.  He also asserts that this inaction demonstrates a causal connection between Horton’s failure to supervise and violations of Francis’s constitutional rights.  Francis cannot make these arguments for the first time on appeal.
(footnote: 13)
 Francis also argues on appeal that he brought a common law negligence claim and that Horton is liable under the doctrine of respondeat superior for the intentional acts of Ford.  While Francis did assert a negligence claim in his petition, that claim related to his grievance about conditions of his confinement. That claim was dismissed by the trial court and was not included in the claims remanded by this court for proceedings in the trial court.  Thus, the negligence claim (and the theory of respondeat superior) was not before the trial court when Horton filed his summary judgment motion, and Horton had no need to seek summary judgment on that claim.  We overrule Francis’s third issue and affirm the summary judgment as to Horton on Francis’s section 1983 claim.

Access-to-Court Claims and Assertions of Immunity by TDCJ, Ford, and Horton

In his first issue, Francis argues that the trial court erred by granting summary judgment for TDCJ on its affirmative defense of sovereign immunity and for Ford and Horton on their respective affirmative defenses of qualified immunity.  As to TDCJ, Francis does not claim that TDCJ does not have immunity for section 1983 claims.  He asserts merely that he sued TDCJ under the TTCA.  Francis did not assert a TTCA claim against TDCJ with respect to his access-to-courts claim.  We thus overrule his first issue with respect to TDCJ.  Francis did not argue in his brief on appeal that the trial court erred by granting summary judgment for TDCJ on his claim arising under the Texas Constitution, so we will not consider whether the summary judgment on this claim was error.
(footnote: 14)
 With respect to Ford and Horton, Francis makes two arguments in his first issue.  First, he argues that Ford and Horton were not entitled to qualified immunity on his section 1983 claims.  We consider first whether the trial court erred by granting summary judgment for Ford on Francis’s section 1983 claims.  Ford asserted two grounds in her motion for summary judgment.  First, she asserted the affirmative defense of qualified immunity.  Second, she claimed that she negated as a matter of law an element of Francis’s claim by producing summary judgment evidence demonstrating that Francis was not prevented from prosecuting his 2004 action.

Because Francis did not file a response to the summary judgment motion, he is limited on appeal to arguing that Ford’s summary judgment evidence was legally insufficient.
(footnote: 15)  He makes no such argument with respect to Ford’s second ground for summary judgment.  Because he makes no complaint about the summary judgment on this ground, we can affirm summary judgment on this ground alone.
(footnote: 16)  Out of an abundance of caution, however, we consider whether Ford negated an element of Francis’s cause of action as a matter of law.
(footnote: 17)
 To prevail on an access-to-courts claim under the federal constitution, a plaintiff must show actual injury.
(footnote: 18)  Ford argued that Francis had not provided competent evidence to demonstrate that he had been denied access to legal books; and even if he could present such evidence, Ford’s own summary judgment evidence demonstrated that in the 2004 action, Francis filed a motion for summary judgment and timely responses to the motions to dismiss, all containing multiple citations to case law and statutes.  Thus, Ford argues, Francis was not prevented from presenting his arguments.  She further argued that Francis could not demonstrate that his allegations are causally linked to actual injury because his actual damages were below the jurisdictional limit of the court and access to additional legal information would not have allowed Francis to cure this fatal flaw.

Her summary judgment evidence consisted of the following:  TDCJ’s plea to the jurisdiction claiming sovereign immunity and the court’s lack of subject-matter jurisdiction based on the amount in controversy; Francis’s response, which cites case law and statutes; the remaining defendants’ plea to the jurisdiction asserting lack of subject-matter jurisdiction based on the amount in controversy; and Francis’s response, asserting different objections than he had asserted in response to TDCJ’s motion and also citing case law.  This evidence shows that Francis was not prevented from presenting his case on appeal.  From the authority cited in his responses, he clearly was not denied access to courts.
(footnote: 19)  He presented no evidence, in response to Ford’s summary judgment evidence, to show that had he been given access to different books, his case would not have been dismissed, or that he could have overcome the amount-in-controversy requirement.  We hold that Ford established as a matter of law that Francis was not prevented from making a response and that he could not demonstrate his allegations are causally linked to actual injury.  Because Francis brought no evidence below to raise a genuine issue of material fact on this ground, the trial court’s grant of summary judgment for Ford was proper on Francis’s section 1983 claim.  We affirm the summary judgment for Ford on Francis’s section 1983 claim on this ground.  We therefore do not need to reach the issue of whether summary judgment was proper on Ford’s claim of qualified immunity.
(footnote: 20)  Because we have already affirmed the summary judgment for Horton on Francis’s section 1983 claims, we likewise do not need to consider whether Horton was entitled to qualified immunity.
(footnote: 21)
 Francis also now asserts for the first time that denial of library access resulted in his filing his petition in the wrong court in the first place.  We note that no such complaint was included in the grievance that resulted in the September 27th grievance decision, nor was it included in his petition, and thus it was not before the trial court below and is not before this court on appeal.  We overrule Francis’s first issue with respect to his section 1983 claims against Ford and Horton.

In Francis’s second argument under this issue with respect to Ford and Horton, he maintains that he also made common law negligence and state constitutional claims that were not addressed by the summary judgment motion.  While Francis did assert negligence claims in his petition, he did not allege negligence with respect to his access-to-courts cause of action.  The negligence claims had already been dismissed and were not before the trial court on remand.  We overrule his first issue with respect to his negligence claims.

Francis is correct, however, that he asserted a state constitutional claim in his petition and that Ford and Horton did not address this claim.  In his petition, he states that his rights were violated under Texas Constitution, Article 1, section 19 (“section 19“).  The petition later alleges that Appellees “violated his 
rights
 of access [to] court, to law books and to legal visits” and that they “harassed, retaliated, and discourage[d] him from pursuing those rights.”  An inmate in Texas has a right of access to courts not only under the federal constitution but also under section 19.
(footnote: 22)
 Francis’s petition does not make clear whether, with respect to his access-to-court claim under the Texas Constitution, he is suing for monetary damages or injunctive relief, but his brief expressly states that his suit is for damages.  Thus, to the extent (if any) that his petition brought access-to-court claims seeking equitable relief, he does not appeal the grant of summary judgment as to those claims.  Although this court and others have held that there is no right of action for damages arising under the section 19,
(footnote: 23) Ford and Horton did not move for summary judgment on that ground.  Although under chapter fourteen of the Civil Practice and Remedies Code, a trial court 
may
 dismiss a claim on its own motion if the court finds that the claim has no arguable basis in law or in fact,
(footnote: 24) nothing in the record indicates that the court dismissed this claim under chapter fourteen.  Rather, the trial court’s orders state that Francis’s claims were dismissed after consideration of Appellees’ motions for summary judgment.  But the trial court should not have dismissed this state constitutional claim seeking damages in the summary judgment because Ford and Horton did not address it in their motions.  We reverse the summary judgment on this state constitutional claim as to Ford and Horton and remand the claim to the trial court.  We sustain Francis’s first issue against Ford and Horton only with respect to his claim arising under section 19.  We affirm the summary judgment for TDCJ.

To the extent that Francis’s access-to-court claim includes a claim regarding the denial of legal visits from another inmate, that claim was not addressed in the September 27th grievance decision and was not before the trial court below.  We therefore do not include such a claim on remand.

Conclusion

We reverse and remand in part and affirm in part.  Having sustained Francis’s first issue as to his claims against Ford and Horton arising under the Texas Constitution, Article 1, section 19, we reverse the trial court’s summary judgment for those Appellees in part and remand those claims for trial.  We affirm the trial court’s summary judgment on all remaining claims.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
42 U.S.C. § 1983 (2000).

3:
See Decker v. Dunbar
, 200 S.W.3d 807, 810 (Tex. App.—Texarkana 2006, pet. denied) (“Section 1983 provides a remedy when any person acting under color of state law deprives another of rights, privileges, or immunities protected by the United States Constitution or laws[,]” and “[an inmate] does have a right, as articulated by the courts, to adequate access to legal materials”); 
see also Woods v. Smith
, 60 F.3d 1161, 1164 (5th Cir. 1995), 
cert. denied
,
 Palermo v. Woods
, 516 U.S. 1084 (1996).  (“[A] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts.”).

4:
Francis v. TDCJ-CID
, 188 S.W.3d 799, 805 (Tex. App.—Fort Worth 2006, no pet.).

5:
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant
,
 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).

6:
IHS Cedars Treatment Ctr. of Desoto
,
 Tex.
, 
Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004).

7:
Johnson v. Brewer & Pritchard
,
 P.C.
,
 
73 S.W.3d 193, 204 (Tex. 2002); 
Sci. Spectrum
,
 Inc. v. Martinez
, 941 S.W.2d 910, 912 (Tex. 1997).

8:
McConnell v. Southside Indep. Sch. Dist.
, 858 S.W.2d 337, 341 (Tex. 1993).

9:
INA of Tex. v. Bryant
, 686 S.W.2d 614, 615 (Tex. 1985); 
Clear Creek Basin Auth.
, 589 S.W.2d at 678-79.

10:
See Pat Baker Co. Inc. v. Wilson
, 971 S.W.2d 447, 450 (Tex. 1998) (noting that an appellate court cannot reverse on “unassigned error,” i.e., a ground not presented in the appellate briefs).

11:
Thompkins v. Belt
, 828 F.2d 298, 303-04 (5th Cir. 1987).

12:
Id.
 at 304 (internal quotations omitted).

13:
See Clear Creek Basin Auth.
, 589 S.W.2d at 678-79.

14:
See Pat Baker Co.
, 971 S.W.2d at 450.

15:
See Clear Creek Basin Auth.
, 589 S.W.2d at 678.

16:
See Umar v. Scott
, 991 S.W.2d 512, 515 (Tex. App.—Fort Worth 1999, no pet.).

17:
See Clear Creek Basin Auth.
, 589 S.W.2d at 678 (holding that summary judgments must stand on their own merits and cannot be affirmed merely because the nonmovant does not file a response).

18:
Lewis v. Casey
, 518 U.S. 343, 351-52, 116 S. Ct. 2174, 2180-81 (1996).

19:
See Mann v. Smith
, 796 F.2d 79, 84 (5th Cir. 1986) (holding that although plaintiff inmate was denied access to the law library, he was not denied access to courts and stating that the plaintiff inmate “himself proved in an irrefutable manner that he was able to file a legally sufficient complaint:  by doing so”).

20:
See 
Tex. R. App. P.
 47.1.

21:
See id.

22:
See Thomas v. Brown
, 927 S.W.2d 122, 125 (Tex. App.—Houston [14th Dist.] 1996, writ denied);
 Dillon v. Ousley
, 890 S.W.2d 500, 501-02 (Tex. App.—Corpus Christi 1994, no writ).

23:
See
 
Univ. of Tex. Sys. v. Courtney
, 946 S.W.2d 464, 468-69 (Tex. App.—Fort Worth 1997, writ denied); 
see also
 
Tex. A & M Univ. Sys. v. Luxemburg
, 93 S.W.3d 410, 425 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

24:
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.003 (Vernon 2002).